UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00507-TBR

RICHARD E. DAVIS                                                                Plaintiff

v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY                Defendant

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Hartford Life & Accident Insurance Company's ("Hartford") Motion for Judgment on the Pleadings. (Docket No 37.) Plaintiff Richard E. Davis has responded, (Docket No. 56), and Defendant has replied, (Docket No. 58). Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will **GRANT** Defendant's Motion for Partial Judgment on the Pleadings.

Factual Background

This dispute arises from Defendant Hartford's denial of Plaintiff Richard E. Davis's disability benefits claim. (Docket Nos. 1 at 2; 27 at 1.)  According to Davis, he stopped working in 2011 and "has remained continuously disabled and unable to function on a full time basis in any gainful employment." (Docket No. 1 at 2.) Hartford provided Davis with short term disability benefits from October 2011 through April 2012 and long term disability benefits from April 2012 to April 2014. (Docket Nos. 1 at 2; 5 at 2-3.)  Following these two time periods, Hartford terminated Davis's disability benefits. (Docket No. 27 at 1.)

Davis vehemently disagrees with Hartford's decision to terminate his benefits. Davis contends that he is unable "to engage in full-time gainful employment." (Docket No. 1 at 2.) Davis states that his treating physician has diagnosed him with "multiple myeloma without remission . . . [and] chronic pain syndrome secondary to multiple compression fractures." *Id.* at 2-3. Davis alleges that according to his treating oncologist, "he is limited to sitting no more than [one] hour per day, standing or walking no more than [one] hour per day, with work activity limited to [one] hour per day." *Id.* at 3. Davis further states that his physician limited him to "lifting up to [ten] pounds infrequently." *Id.* Ultimately, Davis notes that his treating physician concluded he "is not capable of functioning in a sedentary work capacity." *Id.* (internal quotation marks omitted). Davis argues that he has and continues to satisfy the requirements of Hartford's long term disability insurance policy and, therefore, he is entitled to continue to receive monthly benefits. *Id.*

Following Hartford's termination of his benefits, Davis filed this action and asserted claims for Breach of Contract (denial of benefits), Breach of Fiduciary Duty, and Disgorgement. (Docket No. 1 at 5-7.) Davis has brought a claim for Breach of Contract pursuant to 29 U.S.C. § 1132(a)(1)(B), seeking to "obtain past benefits, to receive reinstatement for payment of future benefits, and to obtain declaratory relief." *Id.* at 5-6. However, only Davis's claims for Breach of Fiduciary Duty and Disgorgement, through which he seeks equitable relief, are at issue at this time. (Docket No. 37 at 1.) In his Complaint, Davis alleges that Hartford breached its fiduciary duty to him and "all other participants" by

1. establishing a claims process in which its claims personnel systematically delay claim decisions;
2. establishing a claims process in which its claims personnel automatically accept the opinions of Hartford's paid medical reviewers;

2

3. establishing a claims process in which its claims personnel do not seek to reach an accurate decision, but instead only seek to render a reasonable decision;
4. establishing a claims process in which Hartford places its financial interests ahead of the participants and beneficiaries;
5. establishing a claims process in which Hartford does not consult with health care professionals with appropriate training and experience; and
6. establishing a claims process in which Hartford does not seek independent and unbiased medical opinions, but instead seeks opinions favorable to its own financial interests.

(Docket No. 1 at 6.) As a result of these allegations, Davis is seeking equitable relief pursuant to 29 U.S.C. §1132(a)(3), "including enjoining Hartford's claims practices that violate the terms of the plan and ERISA, redressing such violations, and/or enforcing provisions of the plan and ERISA." *Id.* Davis has also brought a claim for disgorgement pursuant to 29 § U.S.C. 1132(a)(1)(B), (a)(3). Under this claim, Davis contends that "[a]s a result of its delayed payment of his monthly benefits[,] . . . Hartford has accumulated earnings on the plan benefits otherwise payable to [him] [and therefore those] accumulated earnings are rightfully" his property. *Id.* at 6-7.

The Court will address Davis's claims for breach of fiduciary duty and disgorgement below.

## Legal Standard

Under the Rule 12(c) of the Federal Rules of Civil Procedure, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court is to apply the same standard to a motion for judgment on pleadings that it applies to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material

3

allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Sixth Circuit Court of Appeals has stated that a Rule 12(c) motion for judgment on the pleadings, "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## Discussion

This dispute involves the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1001 *et seq.* "ERISA protects employee pensions and other benefits by providing insurance, . . . specifying certain plan characteristics in detail, . . . and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996).

Here, Defendant Hartford argues that Davis's claims for breach of fiduciary duty and disgorgement fail as a matter of law because the relief that Davis is seeking under 29 U.S.C. § 1132(a)(1)(B) will make him whole "in the form of an award of benefits, attorney's fees, costs and pre-judgment interest." (Docket No. 37 at 1.) Consequently, according to Hartford, Davis's claims for breach of fiduciary duty and disgorgement "provide an impermissible duplicative recovery, contrary to clear Supreme Court and Sixth Circuit precedent." *Id.* (quoting *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 371 (6th Cir. 2015)). In response, Davis contends that his claims for breach of fiduciary duty and disgorgement are permitted and meet the pleading standard under ERISA. (Docket No. 56 at 6-13.)

This Court has previously addressed the interplay between 29 U.S.C § 1132(a)(1)(B) and § 1132(a)(3) in its opinion in *Hackney v. Lincoln Nat. Life Ins. Co.*, No. 3:11-CV-00268-TBR, 2014 WL 3940123, at *3-4 (W.D. Ky. Aug. 12, 2014). As this Court explained:

> Generally, a breach of fiduciary claim under § 1132(a)(3) is precluded where the claim is premised upon the same conduct or requests the same relief as a claim for a denial of benefits under 1132(a)(1)(B). *See Howe*, 516 U.S. at 512–15 ("The structure suggests that these 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy."); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615–16 (6th Cir. 1998) ("The Supreme Court clearly limited the applicability of [Section 1132(a)(3) ] to beneficiaries who may not avail themselves of [ERISA Section 1132's] other remedies. Because § 1132(a)(1)(B) provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3) ... To rule in Wilkins's favor would allow him and other ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected."). In *Howe*, the Supreme Court noted that "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims" through a cause of action under 1132(a)(1)(B). *Howe*, 516 U.S. at 512. The Supreme Court concluded that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id.* at 515 (citation omitted).
>
> However, recent Sixth Circuit precedent permits plaintiffs to maintain simultaneous claims for benefits under 1132(a)(1)(B) and for breach of fiduciary duties under 1132(a)(3) when the relief under 1132(a)(1)(B) is not "adequate." For example, in *Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710, 717–18 (6th Cir. 2005), a class of plaintiffs sought "plan-wide injunctive relief, not individual benefit payments*.*" In *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 841–42 (6th Cir. 2007), the plaintiff alleged two separate and distinct injuries: (1) an erroneous interpretation of the plan language by the claim administrator resulting in denial of benefits subject to redress under 1132(a)(1)(B); and (2) a breach of fiduciary duty by the employer, which had no involvement in claims administration, by misrepresenting the duration of benefits subject to redress under 1132(a)(3). Thus, "[t]he cause of action provided by Section 1132(a)(3) is only available to

5

> beneficiaries who have no remedy under the other sections of § 1132."
> *Belluardo v. Cox Enterprises, Inc.*, 157 F. App'x. 823, 829 (6th Cir. 2005) (citing *Wilkins*, 150 F.3d at 615).

*Hackney*, 2014 WL 3940123, at *3-4. This Court's analysis in *Hackney* makes clear that if Davis's claim for breach of contract under § 1132(a)(1)(B) provides adequate relief for his alleged injury, his claims for equitable relief under §1132(a)(3) are not viable.

This Court finds that Davis's alleged injury can indeed be fully remedied by his claim for breach of contract under § 1132(a)(1)(B). Though Davis makes numerous allegations as part of his breach of fiduciary duty claim that Hartford's claims process is systematically flawed, "ultimately, the only injury [he] purports to have suffered is loss of benefits—an injury § 1132(a)(1)(B) is designed to address."[1] *Gluc v. The Prudential Ins. Co. of Am.*, No. 3:14-CV-519-DJH-DW, 2015 WL 6394522, at *3 (W.D. Ky. Oct. 22, 2015) (citing *Rochow*, 780 F.3d at 374-75); *see also* Docket No. 1. Therefore, "[d]espite [Davis's] attempts to obtain equitable relief by repackaging the wrongful denial of benefits claim as a breach-of-fiduciary-duty claim, there is but one remediable injury and it is properly and adequately remedied under § [1132](a)(1)(B)." *Rochow*, 780 F.3d at 375. Lastly, with regards to the "accumulated earnings" that Davis seeks to recover through his disgorgement claim, they "may be recovered through an

---

[1] Davis contends that the Supreme Court's decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), and the Sixth Circuit's decision in *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005), are applicable to this case and require this Court to allow his claims for breach of fiduciary duty and disgorgement to proceed. (Docket No. 56 at 3-6.) However, both *Amara* and *Hill* are distinguishable as they involve class actions. Unlike *Amara* and *Hill*, this case is not a class action and only concerns Davis's alleged injury of Hartford's denial of his benefits. (Docket No. 1.) Consequently, Davis's argument that he may seek equitable relief under his breach of fiduciary duty claim on behalf of himself and "all other participants" is unsuccessful. (See Docket Nos. 1 at 5-6; 56 at 6-7.) Additionally, as our sister court noted recently in *Gluc*, "although [Davis] maintains that [Hartford's] claims process is systematically flawed, [he] does not allege facts to support a claim of plan-wide wrongdoing. Rather, the facts alleged indicate a problem with [Hartford's] processing of a single claim." *Gluc*, 2015 WL 6394522, at *3 (citations omitted) (internal quotation marks omitted). Ultimately, Davis's extensive, unsupported allegations that Hartford's claims process is systematically flawed "represent the sort of naked assertion[s] devoid of further factual enhancement that do not satisfy the pleading rules." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

award of prejudgment interest, which [this] Court has discretion to make." *Gluc*, 2015 WL 6394522, at *3 (first citing *Rochow*, 780 F.3d at 375-76; then citing *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th Cir. 2000)).

As Davis's claim for breach of contract under § 1132(a)(1)(B) provides adequate relief for his only alleged injury, Hartford's denial of his disability benefits, his claims for breach of fiduciary duty and disgorgement must fail as a matter of law.

Conclusion and Order

For the aforementioned reasons, Defendant's Motion for Partial Judgment on the Pleadings is **GRANTED**. (Docket No. 37.)