UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RICHARD E. DAVIS, | ) |
| Plaintiff, | ) Civil Action No. 3:14-CV-507-CHB |
| v. | ) |
| HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, | ) **MEMORANDUM OPINION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the plaintiff's Objection to Magistrate Judge's Opinion and Order [R. 104] and the defendant's Motion for Leave to File Response to Plaintiff's Objection to Magistrate Judge's Opinion and Order [R. 106].

This discovery dispute dates back at least three years. On July 21, 2015, the plaintiff filed a motion to compel responses to interrogatories and requests for production. [R. 27] After briefing, on November 24, 2015, Senior Judge Russell granted the motion in part and denied it in part. [R. 35] Eventually, after additional discovery and motion practice, the plaintiff filed another motion to compel on October 23, 2017, this time regarding his second set of requests for production. [R. 95] On January 9, 2018, after briefing, Magistrate Judge Lanny King signed an Opinion and Order granting in part and denying in part this second motion to compel. [R. 103] Specifically, Magistrate Judge King denied the motion to compel as to Requests for Production numbers 27-32 and 34-38, and both parties' requests for attorneys' fees and costs. [R. 103 at 20-21] However, Magistrate Judge King granted in part the motion as to compel as to Request for Production number 33. *Id.* at 14-15, 20. On January 23, 2018, the plaintiff filed objections to the Magistrate Judge's Opinion and Order. [R. 104] On February 6, 2018, the defendant moved for

leave to file a response to the plaintiff's objections [R. 106], to which motion the plaintiff responded [R. 107].

## I. Motion for Leave to File Response

As a preliminary matter, the Court will grant the defendant's Motion for Leave to File Response to Plaintiff's Objection to Magistrate Judge's Memorandum Opinion and Order [R. 106]. Local Rule 72.2, titled "Objections to Non-Dispositive Ruling of Magistrate Judge," clearly provides that "**[u]nless directed by the Court**, no party may file any response to a written objection." LR 72.2 (emphasis added). Thus, the local rule clearly contemplates the discretionary authority of the Court to grant leave for a party to file a response to a written objection to a Magistrate Judge's non-dispositive ruling. The rule does not contain a blanket "clear prohibition on [such] responses" even where the Court grants leave to file one. *Contra* R. 107 at 1. Because the Court believes that the defendant's response will aid it in resolving the issues, it will grant the motion to file the response and deem the response to be already timely filed.

## II. Standard of Review for Objections to Magistrate Judge's Order

Under Fed. R. Civ. P. 72, the district court reviews timely objections to a magistrate judge's order on non-dispositive matters under a "limited" standard of review: the district court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993); Fed. R. Civ. P. 72(a).

A finding of fact "is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS-DW, 2017 WL 1227943, at *2 (W.D. Ky. Mar. 31, 2017); *Knox v. Prudential Ins. Co. of Am.*, No. 3:13-CV-00424-CRS, 2014 WL 7004067, at *2 (W.D. Ky.

Dec. 10, 2014) (both citing *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Under this standard, the question is not whether the magistrate judge's factual conclusions were "the best or only conclusion[s] that can be drawn from the evidence." *Knox*, 2014 WL 7004067 at *2 (citing *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)). "This standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge." *Tri-Star*, 75 F. Supp. 2d 835 at 839. Instead, the court need only "determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id.*; *Knox*, 2014 WL 7004067 at *2.

By contrast, "[t]he magistrate judge's legal conclusions . . . are subject to the plenary contrary-to-law standard. A legal conclusion is contrary to law when it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. Therefore, the Court must exercise 'independent judgment' in reviewing the legal conclusions of the magistrate judge." *Knox*, 2014 WL 7004067 at *2 (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)) (internal citations omitted). Here, as the Magistrate Judge's Opinion and Order ably reviews both the facts and the applicable law, the Court will only discuss those aspects of each which are necessary to resolve the plaintiff's objections.

### III. Objections to Magistrate Judge King's Order

#### A. Request for Production No. 27 – "Claims Excellence" Manual

The plaintiff first objects to the Magistrate Judge's finding that he was not entitled to the "Claims Excellence" manual (sought in Request for Production number 27), because he did not prove that it was actually used in his claim or appeal. [R. 104 at 4-5]

The Court finds that Magistrate Judge King's finding on this point was not clearly erroneous. There is evidence to support his finding, and it is reasonable. The Magistrate Judge based this finding on the deposition testimony of Annette Moore, the defendant's Fed. R. Civ. P. 30(b)(6) witness. [R. 103 at 8] Moore's deposition testimony contains no statement that the manual is actually utilized in every claim and appeal, much less that it was used in *the plaintiff's* claim and appeal in particular. Rather, her testimony describes general training procedures including use of the "Claims Excellence" manual. This is precisely the sort of general, non-specific discovery which is disallowed in these types of ERISA cases (as discussed below).

The plaintiff also objects that he is entitled to the production of these documents because they "are part of the training the individuals received," [R. 104 at 6], based on two cases: *Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186, 206 (W.D. Ky. 2016) and *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 520 (W.D. Ky. 2010). While Magistrate Judge King's Order did not analyze this argument, the Court finds the objection to be without merit, because the Order was not contrary to either opinion.

The plaintiff quotes two passages (one from each case) in support of his argument. [R. 104 at 6] However, he applied the wrong parts of those cases. Both quotations concern **interrogatories** rather than requests for production. Yet, these cases also deal with parallel **requests for production** of training documents, and on these requests, both cases flatly contradict the plaintiff's position that he is entitled to these materials simply because they were used in training. In *Mullins*, the Court ruled that the defendant was required to produce training materials or quality review procedures only "to the extent that such training materials or quality review procedures were **relied on**" in the administration of the plaintiff's claim. *Mullins*, 267 F.R.D. at 520 (emphasis added). Likewise, in *Myers*, the court ruled that the defendant was "not

required to respond as to any general training procedures" and that training materials and manuals were discoverable insofar as they were "**utilized** by the long term disability claims unit in processing [the plaintiff's] claim" but were not discoverable to the extent that they "were **merely available to, but not utilized by**, the claims unit in processing [the plaintiff's] case." *Myers*, 316 F.R.D. at 206-07, 210 (emphasis added). As noted above, the Magistrate Judge made a reasonable finding that the deposition testimony did not show the manual was actually used in conjunction with his claim or appeal. Thus, the prerequisite for production of the training materials set out in both *Mullins* and *Myers* is not met in this case, and the Order's application of those cases was not contrary to law.

For these reasons, the Court finds that the Magistrate Judge's order as to these requests for production contained no clear error and was not contrary to law.

## B. Requests for Production Nos. 28 and 29 – Contracts/Agreements Between HLAIC and Hartford Fire Insurance Company

The plaintiff next objects to the Magistrate Judge's finding of fact that several documents have been produced that show the discretionary authority with regard to HLAIC (Hartford Life and Accident Insurance Company) and Hartford Fire's (Hartford Fire Insurance Company) relationship. Specifically, the plaintiff says that "HLAIC has not provided *any* documents concerning its relationship with Hartford Fire." [R. 104 at 7 (emphasis original)] The plaintiff also objects without citing to authority to the Magistrate Judge's "application of the law" that the plaintiff should have all he needs to determine the appropriate standard of review. *Id.* He argues that "HLAIC has not provided any evidence of an agency relationship [between itself and Hartford Fire] despite admitting responsive documents exist concerning a contract/agreement between HLAIC and Hartford Fire. . . . HLAIC should not be permitted to make the assertion that an agency relationship exists without providing Mr. Davis all the relevant information that

exists." *Id.* at 8. The plaintiff points to an "Organizational List" on the Securities and Exchange Commission's EDGAR website as evidence of "a lack of candor on the part of HLAIC" as to its relationship with Hartford Fire, since HLAIC stated that it is a wholly owned subsidiary of Hartford Fire, and the organizational list reflects a different corporate structure. [R. 104 at 7]

First, the plaintiff's inexplicable claim that no responsive documents have been produced on this point is incorrect.[1] It is apparent from the record that the Magistrate Judge was correct that HLAIC has produced the Plan [R. 30 at 21 (identifying the Bates numbers of the Benefit Plan at issue in response to this request)]; an interrogatory response stating that employees of Hartford Fire were acting on HLAIC's behalf in connection with the plaintiff's claim [R. 97-11 at 3]; and additional evidence, including evidence in the administrative record [R. 97 (citing to administrative record)]. [R. 103 at 10-11] Thus, the Court finds no error in the Magistrate Judge's finding.

Second, the plaintiff failed to show that the Magistrate Judge's conclusion that he has all the discovery he needs to determine the standard of review is contrary to law. The plaintiff does not cite any authority showing that HLAIC's purported "lack of candor" entitles him to additional discovery on this topic, or that - given the uncertainty he claims as to the precise corporate structures and agency relationships involved - he does not have all of the information he needs to determine the standard of review. In his Order, the Magistrate Judge cited to Judge Russell's Memorandum Opinion and Order [R. 35], which in turn explained that "the Supreme Court held that courts are to review a claimant's challenge to his or her denial of benefits in an ERISA action under a *de novo* standard of review unless *the plan* gives the fiduciary or

---

[1] Indeed, the plaintiff's own Motion to Compel contradicts his claim when it states that "the mere fact that **HLAIC has previously provided declarations and deposition testimony on this topic** does not prohibit Mr. Davis from seeking further discovery to corroborate HLAIC and its witnesses' statements." [R. 95 at 14 (emphasis added)]

administrator discretionary authority to determine the claimant's eligibility for benefits or to interpret the terms of the plan. . . . Where the plan gives the fiduciary or plan administration discretionary authority, an abuse of discretion standard of review applies." [R. 103 at 10 (citing R. 35 at 21 (citing *Hays v. Provident Life & Acc. Ins. Co.*, 623 F. Supp. 2d 840, 842 (E.D. Ky. 2008) (quoting *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)) (emphasis original))]. Having reviewed this authority, it is clear to the Court that these cases hold that it is the benefit plan which gives discretionary authority to the administrator or fiduciary, and thus determines the applicable standard of review. *See Id.*; *Myers*, 316 F.R.D. 186 at 199 (quoting *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2015 WL 7571905, at *11 (W.D. Ky. Nov. 24, 2015) (citations omitted)). As mentioned, the Plan has already been produced. Thus, the Magistrate Judge's conclusion that sufficient responsive documents have been produced to determine the standard of review was not contrary to law.

For these reasons, the Court finds that the Magistrate Judge's order as to these requests for production contained no clear error and was not contrary to law.

### C. Request for Production No. 30 – Claims Settlement Worksheet(s) Concerning Mr. Davis

The plaintiff next objects to the Magistrate Judge's denial of the motion to compel as to the request for production seeking a "Claims Settlement Worksheet" if one exists, arguing for the first time that the ERISA claim regulations require the production of such a document. [R. 104 at 8-9] However, this objection is moot. The defendant represented in a signed pleading, under pain of sanctions under Fed. R. Civ. P. 11, that it "undertook extensive efforts to confirm that no additional documents exist[] relating to [p]laintiff's claim that were not already produced as part of the Administrative Record" and that "this exhaustive inquiry" yielded no such worksheet. [R. 97 at 21] The Court concludes that this statement should be taken as a supplemental response to

the request for production. Forcing the defendant to send to the plaintiff a formal supplemental disclosure stating the same thing would pointlessly elevate form over substance. *See Knox*, 2014 WL 7004067 at *3 (declining to overturn magistrate judge's order disallowing discovery of certain documents based on defendant's representation of full disclosure); *Hotwork-USA, LLC v. ExCelsius Int'l, Ltd.*, No. CIVA 04-505 MSF, 2007 WL 689538, at *6 (E.D. Ky. Mar. 2, 2007) (denying motion to compel as moot because it was clear to the Court from the plaintiff's response to the motion that plaintiff had stated it did not have any documents in its possession that it had not already produced to the defendant). The plaintiff claims that Fed. R. Civ. P. 26(e) – which requires that parties supplement discovery responses in a timely manner – requires a supplemental discovery response in this situation but does not develop the argument or demonstrate that the Magistrate Judge's Order was contrary to Rule 26.

For these reasons, the Court finds that the Magistrate Judge's order as to these requests for production contained no clear error and was not contrary to law.

### D. Request for Production No. 31 – Each Document Referring to Davis Not Already Provided

The plaintiff next objects to the Magistrate Judge's Order denying Request for Production number 31, on the basis that he did not challenge the defendant's response to this request in his motion to compel. [R. 104 at 9] However, the plaintiff does not argue that the order incorrectly stated or applied the law. Thus, there is no controversy as to this issue, meaning that this portion of the Magistrate Judge's order ruling on that request for production is harmless dicta, and the objection to it is moot.

### E. Request for Production No. 33 – Each Turnaround Time Report Provided by University Disability Consortium

The plaintiff next objects that the Magistrate Judge's order incorrectly found that information in the "Turnaround Time Reports" relating to other claimants was not relevant and that "the documents 'would undoubtedly contain confidential information' in violation of HIPAA." [R. 104 at 10] The plaintiff argues that "[a]s this Court has already ruled, this information is relevant as it can show HLAIC's processes for ensuring the accuracy of decisions, the contractual connection between UDC [University Disability Consortium] and HLAIC, and the financial compensation HLAIC provided." [R. 104 at 10-11 (citing R. 35 at 14)].

The plaintiff's description of the scope of discovery permitted by the previous Order is overbroad. Those areas included (among other things) "documentation of administrative processes designed only to check the accuracy of grants of claims (**limited to claims guidelines actually consulted** to adjudicate plaintiff's claims)," "contractual connections between [plan administrator/payor] . . . and the **reviewers utilized in Plaintiff's claim**," and "financial payments paid annually **to the reviewers** from the [administrator/payor]." [R. 35 at 14 (quoting *Pemberton v. Reliance Standard Life Ins. Co.*, No. CIV. A. 08-86-JBC, 2009 WL 89696, at *3 (E.D. Ky. Jan. 13, 2009)) (emphasis added)] Thus, the areas the previous Order ruled to be relevant were limited to information regarding claims guidelines actually consulted, and reviewers utilized in, adjudicating *the plaintiff's* claim – which by definition is not the case for *other* claims. The requested information does not include claims guidelines (or any other administrative process) which has been shown to have actually been consulted to adjudicate the plaintiff's claims. The Court fails to see how the requested information would shed any additional light on the contractual connections between UDC and HLAIC that the information the Court has already ordered to be produced (that with regard to *the plaintiff's* claim) would not.

Finally, even though certain information about the financial compensation HLAIC provided to all reviewers (such as an "incentive, bonus, or reward program[]or system[]," [R. 35 at 6 (citation omitted)]) could be relevant, there is no indication that the disallowed information would include information on such a program or system. Rather, it appears that the only financial information in the report would be "total charges for each referral" and would be associated with specific reviewers and referrals, which is disallowed. [R. 96-2 at 19]; *see Myers*, 316 F.R.D. at 200 (allowing discovery of "information regarding compensation *practices*, as opposed to compensation for any particular *individuals*" or as opposed to non-discoverable "employee pay records") (emphasis original).

The portion of the Court's previous Order which the plaintiff quotes does not expand the areas of relevant inquiry to encompass documents relating to other claimants. In fact, it does the exact opposite. First, it deals with interrogatories, not this request for production. In addition, the second sentence after the plaintiff's quote states that HLAIC "is also **not required to provide documents pertaining to other claimants as those documents are not relevant to Davis's claims,** and they would undoubtedly contain confidential information 'that could not be produced without raising serious HIPAA and privacy concerns that make production of such documents far more burdensome than potentially relevant.'" [R. 35 at 14-15 (quoting *Mullins*, 267 F.R.D. at 522) (emphasis added)]

Assuming that the Magistrate Judge's (and Senior Judge Russell's) determination that the disallowed reports are irrelevant to the plaintiff's case is a legal conclusion, the Court is convinced that this conclusion is not contrary to law. It hardly "contradicts or ignores applicable precepts of law." *Knox*, 2014 WL 7004067 at *2. On the contrary, *Mullins* - cited by both the previous Order of this Court as well as the Order of the Magistrate Judge - indicates that

materials regarding others' claims are typically not relevant in ERISA litigation of this type. [R. 35 at 14-15; R. 103 at 15] In *Mullins*, the plaintiff requested "all documents that relate to any legal or administrative action filed by any person insured or covered under [a] group insurance contract" or, "[i]n other words . . . virtually every administrative appeal and ERISA suit filed by any covered claimant under the . . . group disability insurance plan." *Mullins*, 267 F.R.D. at 522. The court found that such documents were "not relevant in any meaningful sense, other than to clearly establish the dissatisfaction of other claimants who have failed to qualify for . . . benefits themselves." *Id.* It reasoned that "any inference based on such aggregate data," including those documents, "would be so speculative, and so far removed from the specific circumstances of [the plaintiff's] own claim, as to be virtually non-existent." *Mullins*, 267 F.R.D. at 518.

Like Judge Russell and Magistrate Judge King, the Court is persuaded that the logic of *Mullins* applies to the requested information. The information is similar to that requested in *Mullins*, as this aggregate data concerning other claims would be far removed from the specific circumstances of the plaintiff's claim, and any inference one might be able to draw about *the plaintiff's* claim from the disallowed report information would be minimal. *See also Knox*, 2014 WL 7004067 at *4 ("Statistical data, amassed from the results of many unrelated benefit claims, would not account for the individualized circumstances leading to the decision in each case. The Court will not alter the magistrate judge's order to allow the discovery of status and outcome reports.").

Likewise, there was evidence to support the Magistrate Judge's reasonable finding of fact that this information "would undoubtedly contain confidential information 'that could not be produced without raising serious HIPAA and [privacy] concerns that make production of such documents far more burdensome than potentially relevant.'" [R. 103 at 15] For each referral, the

report is supposed to include the name and claim identification number of the claimant, the medical consultant's name and specialty type, and the date the referral was received at the vendor – information that could potentially allow one to match names, general information about the type of claimed medical conditions, and an approximate claim date. [R. 96-2 at 16][2] This information clearly implicates serious HIPPA and privacy concerns. However, even if this were not the case, the Court would still find that the Magistrate Judge did not err in his ruling with regards to this request for production, because - as discussed above - the requested information is not relevant.

For these reasons, the Court finds that the Magistrate Judge's order as to these requests for production contained no clear error and was not contrary to law.

### F. Requests for Production Nos. 32, 34-36 – Each List provided by UDC of its Approved Physician Reviewers; Physician Documentation; and Quarterly Reports from UDC

The plaintiff next objects to the Magistrate Judge's ruling denying discovery of lists of approved physician reviewers; documentation confirming various information for each physician used by UDC in relation to the plaintiff's claim; and quarterly reports from UDC containing information on "Medical Consultants." The plaintiff claims, without citing to authority, that his requests were timely and that the Magistrate Judge's findings and application of the law were in error. [R. 104 at 14] He also argues that he is entitled to the documents because they are part of the contract (or relate to contractual requirements) and correspondence between HLAIC and UDC, and that the Court has already ordered the production of documents that are part of the contract or correspondence between the two. *Id.* at 12-14.

---

[2] The plaintiff argues that "[t]here is nothing in the reports that require the disclosure of personal information of any individual whose claim/medical records were reviewed." [R. 104 at 11] The Court is unpersuaded by this undeveloped statement.

The Court will not address the plaintiff's objections to the Magistrate Judge's findings as to the timeliness of these requests, because even if the Court were to sustain that aspect of the objection, it would not change the outcome. None of the Magistrate Judge's findings of fact or conclusions of law as to the plaintiff's entitlement to these documents – even if they had been timely requested – were erroneous.

Although the plaintiff makes a perfunctory statement that "[t]he Magistrate Judge's findings and application of the law were in error," he does not state any particular objection to his findings that the requests unquestionably pertain to the credibility and professional backgrounds of the UDC reviewers, and that HLAIC need not respond because it had previously responded to similar requests. [R. 104 at 11] These undeveloped arguments do not demonstrate clear error or anything contrary to law on the part of the Magistrate Judge, and the Court declines to find it on these points.

The plaintiff cites no authority for his argument as to why the list of approved physicians is relevant. [R. 104 at 12] The Court finds that the Magistrate Judge's conclusion that the list was irrelevant was not contrary to law, given that here – as in *Pemberton* – the information sought includes reviewers beyond those involved in reviewing the plaintiff's claim, and "the plaintiff has failed to point to any specific report or reviewer that exhibits bias." *Pemberton*, 2009 WL 89696 at *3, *4.

Neither does the plaintiff cite authority to support his argument that information from the requests is relevant for reasons relating to the contractual relationship between the parties. [R. 104 at 13] Kentucky district courts have repeatedly found similar (and in some cases, identical) discovery requests unlikely to uncover evidence regarding bias or conflict of interest, and thus irrelevant. *Contra* R. 104 at 12-13; *see Mullins*, 267 F.R.D. at 514; *Busch*, 2010 WL 3842367 at

*4; *Pemberton*, 2009 WL 89696 at *4.  The plaintiff's objection hinges on his argument that the Court has already ordered the production of these documents because they are correspondence between UDC and HLAIC, relate to "contractual requirements," or are part of the contract itself. However, the prior Order of the Court did not require such broad production as the plaintiff describes.  Far from ordering the production of all correspondence and all documents that "are part of the contract between HLAIC and UDC," *contra* R. 104 at 12, the Order directed that the defendant produce "information concerning its contractual connections to the third parties and the financial payments paid to them annually along with information concerning any documentation of administrative processes designed only to check the accuracy of grants of claims." [R. 35 at 14]  Next, citing *Busch*, the Court specifically held that HLAIC "is not required to provide any response with regards to the credibility or professional backgrounds of the third parties" or "documents pertaining to other claimants." *Id.*  The prior Order clearly rejected the wide-ranging, "dragnet approach" the plaintiff is attempting to employ. *See Knox*, 2014 WL 7004067 at *3.  The prior Order did not contain a hidden loophole allowing the plaintiff to discover the disallowed information regarding credibility or professional backgrounds, just because the contract between HLAIC and UDC might contain certain requirements for third party reviewers, and the Court rejects the plaintiff's strained reading to the contrary.

For these reasons, the Court finds that the Magistrate Judge's order as to these requests for production contained no clear error and was not contrary to law.

### G. Requests for Production Nos. 37 and 38 – Information Related to Persons Involved with Davis' Claim or Appeal

The plaintiff next objects to the Magistrate Judge's finding that the plaintiff could have requested the documents sought in Requests for Production numbers 37 and 38 in his first set of

discovery requests but chose not to do so. [R. 103 at 19]  The plaintiff complains that "[t]his holding ignores the fact that Mr. Davis only became aware of potential issues with HLAIC's representations in discovery after conducting the depositions – when discussing the individuals' relationship with HLAIC" and implies that he needs the requested information to determine the applicable standard of review.  The Court sees no clear error in the Magistrate Judge's finding that the plaintiff could have requested these documents in his first set of discovery requests.  As the Magistrate Judge found, the main difference between the information requested here and that requested in the plaintiff's first set of interrogatories is that the plaintiff now seeks any contract or agreement between HLAIC and the persons who were involved in his claim or appeal.  There was evidence to support this reasonable conclusion, because it is clear from the record that there was nothing stopping the plaintiff from requesting any such contract or agreement before; that he chose not to do so before and now wishes he had does not mean he was *unable* to request them earlier.  The plaintiff does not cite to any specific deposition testimony or explain further why he could not have requested any such contract or agreement before.  In any event, as explained above, the plaintiff has all the discovery needed to determine the standard of review because he has already received the Plan.

For these reasons, the Court finds that the Magistrate Judge's order as to these requests for production contained no clear error and was not contrary to law.

Accordingly, having reviewed the Objection, the Motion for Leave to File Response, the Response in Opposition to Motion for Leave to File Response, and the Response to Objection, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The defendant's **Motion for Leave to File Response to Plaintiff's Objection to Magistrate Judge's Memorandum Opinion and Order** [**R. 106**] is **GRANTED**. The **Response** [**R. 107 and R. 108**] is **DEEMED** timely filed.

2. The plaintiff's **Objection** [**R. 104**] is **OVERRULED**.

3. Within **fourteen (14) days from the date of entry of this Order**, the parties **SHALL** file a joint report with proposed dates for the filing of each party's dispositive motion and related briefing and - if the defendant has not already provided the limited discovery responsive to Request for Production number 33, as described in the Magistrate Judge's Opinion and Order [**R. 103**] - the production of all remaining discovery.

This the 16th day of October, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY