UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RICHARD DAVIS, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 3:14-CV-507-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| HARTFORD LIFE AND ACCIDENT ) | **AND ORDER** |
| INSURANCE COMPANY, ) | |
| ) | |
|     Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Bill of Costs submitted by Defendant Hartford Life and Accident Insurance Company ("Hartford Life"). [R. 143]. Hartford Life also submitted a Notice of Partial Withdrawal of Bill of Costs. [R. 145]. Plaintiff Richard Davis then filed objections to the Bill of Costs. [R. 146]. Hartford Life responded to Davis's objections, [R. 147], and Davis replied, [R 148]. This matter is therefore fully briefed and ripe for review. For the reasons set forth herein, the Court will exercise its discretion to award costs to Hartford Life.

## I. BACKGROUND

This case revolves around Hartford Life's decision to stop paying Davis disability benefits under a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. §§ 1132(e)(1), 1132(f). On August 26, 2019, the Court entered a Memorandum Opinion and Order, [R. 140], denying Davis's Motion for Summary Judgment, [R. 113], and granting Hartford Life's Motion for Summary Judgment, [R. 115]. That same day, the Court entered a judgment affirming Hartford Life's decision to terminate Davis's disability benefits. [R. 141]. Davis appealed, [R. 142].

Meanwhile, Hartford Life filed its Bill of Costs, seeking $1,644.25 for deposition transcripts and another $3,728.42 in "other costs," for a total of $5,372.67. [R. 143]. Soon after, however, Hartford Life filed its Notice of Partial Withdrawal of Bill of Costs, in which it withdrew its requests for $3,728.42 in "other costs," having determined that those costs may not be taxable 28 U.S.C. § 1920.[1] [R. 145]. Hartford Life therefore requests only $1,644.25 for deposition transcripts, which it maintains "were necessarily obtained for use in the case and are taxable in a bill of costs." *Id.*

Davis filed objections, arguing that (1) Hartford Life has not incurred any costs or expenses; (2) Hartford Life's Bill of Costs was improper and should have been brought as a motion seeking costs under ERISA; (3) Hartford Life has not proven the factors necessary to receive costs under ERISA; (4) the requested costs are unreasonable, unnecessary, and/or excessive; and (5) Davis is unable to pay an award of costs. [R. 146]. Hartford Life responded to these arguments, [R. 147], and Davis replied, [R. 248].

On November 19, 2020, the Court of Appeals for the Sixth Circuit affirmed this Court's decision to grant summary judgment in favor of Hartford Life. [R. 149; R. 150]. Accordingly, at this time, the only remaining matter in this case is the pending Bill of Costs.

## II. ANALYSIS

### A. Hartford Life Has Incurred Costs.

In his objections, Davis comments that "Hartford Life has not incurred ***any*** expenses or costs in this litigation." [R. 146, p. 2 (emphasis in original)]. The sole basis for this argument is his contention that "Hartford Life does ***not*** have any employees that could have paid the

---

[1] Neither party disputes that the requested transcript costs are the type of costs recoverable under either Rule 54(d)(1) or ERISA's fee provision. *See* 28 U.S.C. § 1920(2), (4) (defining "costs"); *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (recognizing that § 1920 authorizes "taxing as costs the expenses of taking, transcribing and reproducing depositions" (citation omitted)).

- 2 -

requested expenses or costs." *Id.* (emphasis in original). However, Davis does not dispute that the law firm of Maynard Cooper & Gale PC represents Hartford Life in this matter, nor does he dispute that the court reporter invoices at issue were billed to defense counsel. *See* [R. 143-3 (Court Reporter Invoices)]. Accordingly, to the extent Davis argues that Hartford Life has not incurred any litigation costs, the Court finds that argument to be nonsensical and wholly unsupported by the record.

### B. Under Either Rule 54(d)(1) or 29 U.S.C. § 1132(g)(1), An Award of Costs is Appropriate.

Davis next takes issue with the procedural vehicle through which Hartford Life seeks its costs. He argues that the language of Federal Rule of Civil Procedure 54 "requires Hartford Life to seek its costs under ERISA." [R. 146, p. 2]. Rule 54 provides, in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Davis argues that "a federal statute . . . provides otherwise" in this case because ERISA has its own provision relating to attorney's fees and costs. [R. 14, p. 2]. That provision, 29 U.S.C. § 1132(g)(1), states, "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." From this, Davis argues that ERISA's "standards govern whether Hartford Life is entitled to costs—not [Rule 54]." [R. 14, p. 2]. He contends that Hartford Life "should have filed the appropriate motion and proven the requisite factors necessary for the Court to consider its requests" and further insists that the "failure to do so is detrimental to its requested Bill of Costs." *Id.* at 3.

On the issue of whether § 1132(g)(1) supplants Rule 54(d), the law is unclear. Most circuits, including the Sixth Circuit, have yet to squarely address the issue. The Ninth Circuit, on the other hand, has expressly held that the ERISA fee provision is *not* inconsistent with Rule

54(d)(1). *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010), *abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014). District courts from other circuits, however, have found that ERISA's fee provision controls. *See In re Iron Workers Local 25 Pension Fund*, Nos. 04-40243, 07-12368, 2013 WL 1296806, at *7 (E.D. Mich. Mar. 8, 2013) (noting that "a number of district courts have" concluded that ERISA's fee provision changes Rule 54's presumption in favor of awarding costs).

Davis cites to only one case in support of his assertion that, in this circuit, ERISA's fee provision supplants Rule 54. *See* [R. 146, p. 3 n.7]. In that 1996 case, the United States District Court for the Western District of Michigan addressed the moving party's argument that "the terms of ERISA do not warrant deviation from the principle behind [Rule 54]." *Glennie v. Abitibi-Price Corp.*, No. 4:94-CV-25, 1996 WL 495573, at *1 (W.D. Mich. May 7, 1996). The court, relying on an earlier but substantively identical version of Rule 54(d),[2] explained:

> The plain language of Rule 54(d) reveals that it is applicable "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules[.]" The Magistrate Judge correctly noted that ERISA expressly provides for the awarding of costs. . . . As such, costs are not to be shifted as a matter of course under ERISA, but only at the discretion of the trial judge.

*Id.* (citations omitted).

However, in more recent case law, other district courts in this circuit have considered *both* § 1132(g)(1) and Rule 54 when analyzing a motion for attorney's fees and costs in an ERISA action. For example, in *City Gear, LLC v. WH Administrators, Inc.*, No. 2:19-cv-02213-TLP-tmp, 2021 WL 2954414 (W.D. Tenn. July 14, 2021), the Court, after evaluating the

---

[2] While Rule 54(d) underwent stylistic changes in 2007, courts consistently interpret the revised language to provide the same presumption in favor of awarding costs. *See United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, No. 316CV00609GNSRSE, 2019 WL 4478845, at *4 (W.D. Ky. Sept. 18, 2019) (citing to the updated language and finding that it "creates a presumption in favor of awarding costs at the discretion of the trial court" (quoting *White & White, Inc.*, 786 F.2d at 730)).

requirements of § 1132(g)(1), noted that, "*[i]n addition to* these requirements, a party claiming entitlement to attorneys' fees and related expenses must generally move for those fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure." *Id.* at *1 (emphasis added); *see also Ross v. Ross*, No. 5:19-cv-261-JMH, 2020 WL 4067719, *2 (E.D. Ky. July 20, 2020) (referencing both Rule 54(d)(2) and § 1132(g)(1)). While these cases address attorney's fees (which typically fall under Rule 54(d)(2)), courts within this district have also considered the interplay between § 1132(g)(1) and Rule 54(d)(1) when considering a motion for costs. For example, in *Shaw v. AT&T Umbrella Benefit Plan No. 1*, No. 13-cv-11461, 2015 WL 8177654 (E.D. Mich. Dec. 8, 2015), the district court first noted that, under § 1132(g)(1), it retained "broad discretion to award costs to parties in ERISA actions who have shown some degree of success on the merits." *Id.* at *2 (quoting *Potter v. Blue Cross Blue Shield of Mich.*, 10 F.Supp.3d 737, 770 (E.D. Mich. 2014)) (internal quotation marks omitted). The court then noted that, under Rule 54(d)(1), costs "*should* be allowed to the prevailing party." *Id.* (quoting Fed. R. Civ. P. 54(d)(1) (emphasis added)). In determining that the plaintiff's requests for costs was reasonable, the district court noted that the award was modest, and the plaintiff had been successful on the merits. *Id.* Thus, the court's discretion was apparently informed by both ERISA's fee provision and the broad discretion afforded under that statute, as well as Rule 54(d)(1) and that rule's preference for awarding costs to the prevailing party.

From this more recent case law, the Court understands that the two provisions—Rule 54(d)(1) and § 1132(g)(1)—can be read together. In other words, a prevailing party in an ERISA action may seek costs under Rule 54(d)(1), but the Court's exercise of discretion in awarding (or denying) costs is informed by ERISA's fee provision, which does not create a presumption in favor of awarding costs. However, the Court need not reach this issue to rule on Hartford Life's

Bill of Costs, because under either Rule 54(d) or 29 U.S.C. § 1132(g)(1), an award of costs would be appropriate.

The Court therefore turns to the two fee provisions. In doing so, the Court is mindful that, under *either* provision, it retains discretion to grant or deny an award of costs. *See Loomis v. Exelon Corp.*, 658 F.3d 667, 675 (7th Cir. 2011) ("Both [Rule 54(d)] and [29 U.S.C. § 1132(g)(1)] give the district judge discretion to decide whether an award of costs is appropriate.").

### 1. Hartford Life is Eligible for an Award of Costs under Rule 54(d)(1) and/or 29 U.S.C. § 1132(g)(1).

As noted above, Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In this case, Hartford Life succeeded on its summary judgment claims and is therefore the prevailing party. As such, it is eligible for costs under Rule 54(d)(1).

Section 1132(g)(1), on the other hand, provides that, in any ERISA action[3] brought by a participant, beneficiary, or fiduciary, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Supreme Court case law has also clarified that the party seeking fees and costs under this provision must demonstrate "some degree of success on the merits." *Hardt v. Reliance Standard Ins. Co.*, 560 U.S. 242, 255 (2010) (citations omitted). Because Hartford Life was the prevailing party in this case, it has undoubtedly achieved "some degree of success on the merits." *Id.* It is therefore eligible for costs under § 1132(g)(1).

Having determined that Hartford Life is eligible for costs, the Court next addresses whether an award of costs is appropriate under Rule 54(d)(1) or § 1132(g)(1).

---

[3] With the exception of certain actions not relevant here. *See* 29 U.S.C. § 1132(g)(1)–(2).

## 2. The Requested Costs are Necessary and Reasonable Under Rule 54(d)(1) and/or 29 U.S.C. § 1132(g)(1).

Rule 54(d)(1) "'creates a presumption in favor of awarding costs, but allows denial of costs' in the court's discretion." *Frye v. Baptist Memorial Hosp., Inc.*, 863 F.Sup.2d 701, 704 (W.D. Tenn. 2012) (quoting *Knology, Inc. v. Insight Commc'ns Co.*, 460 F.3d 722, 726 (6th Cir. 2006)). If the nonmoving party can "show circumstances sufficient to overcome the presumption," the district court may, in its discretion, deny an award of costs. *Id.* (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)) (internal quotation marks omitted). Thus, while the statute creates a presumption in favor of awarding costs, the district court may deny such an award if "it would be inequitable under the totality of the circumstances to put the burden of such costs on the losing party." *United States ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 74 (S.D. Ohio 2000).

Unlike Rule 54(d)(1), ERISA's fee provision does not create a presumption in favor of awarding fees and costs. *See generally Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 936 (6th Cir. 1996) (noting that ERISA's fee provision does not create a presumption in favor of a fee award). Instead, § 1132(g)(1) allows the Court to award fees to either party, at its discretion. *See* 29 U.S.C. § 1132(g)(1). Davis argues that, when exercising this discretion under § 1132(g)(1), the Court must consider the Sixth Circuit's five-factor test for determining "whether a district court properly exercised its discretion in awarding fees." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006) (citing *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005)). These factors, often referred to as the *King* test,[4] include:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and

---
[4] These factors were articulated in *Secretary of Labor v. King*, 775 F.2d 666 (6th Cir. 1985).

>beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* (citing *First Trust Corp.*, 410 F.3d at 851).

Notably, neither party addresses these factors. Davis, for example, contends that the factors are applicable because ERISA's fee provision applies. But rather than discuss them, he merely points to Hartford Life's own failure to address the five factors. *See* [R. 146; R. 148]. Regardless, the Court notes that application of these five factors "is not required," though they may "help[] courts determine whether or not to award fees to a party that achieves some degree of success on the merits." *Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 437 (6th Cir. 2013) (citations omitted). Additionally, some courts have declined to apply the five-factor test to an award of *costs* rather than *fees*. *See Shaw*, 2015 WL 8177654, at *2–3 (awarding costs without considering the *King* factors but applying the factors when considering an award of attorney's fees).

In the present case, the Court declines to consider the *King* factors because the parties have failed to address those factors, but more importantly, they add little to the Court's analysis. As the Court has already explained, Hartford Life is clearly eligible for costs under § 1132(g)(1) because it, as the prevailing party, has undoubtedly achieved "some degree of success on the merits." The question then becomes whether the requested costs are reasonable. "The *King* factors add nothing to the analysis of eligibility or reasonableness." *Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JBC, 2011 WL 882835, *3 (E.D. Ky. Mar. 10, 2011).

Accordingly, the Court next turns to Davis's argument that the requested costs are unreasonable, unnecessary, and/or excessive. In this case, Davis argues that the transcript costs are unnecessary and unreasonable because (1) the invoices lack sufficient detail; (2) defense counsel may have already had copies of the depositions or could have asked Plaintiff's counsel

for a copy; (3) the fee per page was too high, citing a completely unrelated regulation that limits the charge for medical records; (4) and defense counsel did not use or rely on two of the depositions in this litigation. [R. 146, pp. 4–6]. Davis also argues that he is unable to pay the costs. The Court is unconvinced by these arguments.

First, while Davis argues that the court reporter invoices are insufficiently detailed, each invoice clearly states that the charges are for a copy of the deposition of the respective deponent and states the charge for each copy. *See* [R 143-3]. Davis takes issue with the fact that the invoices do not list "administrative charges" or "additional services," but there is no reason to believe that such charges or services were applied; rather, the invoices are for copies of the depositions and nothing more. And to the extent he complains that there is no per-page breakdown on the invoices, he acknowledges that he had his own copies of the depositions, and further, they were filed in the record, thereby allowing him to calculate the per-page costs as necessary. *See* [R. 147, p. 6 n.4 (providing cost-per-page breakdown)].

Second, while Davis repeatedly states that Hartford Life was presented with a free copy of each transcript, Hartford Life denies this allegation. *See* [R. 146, p. 3; R. 147, p. 4; R. 148, p. 4]. In response, Davis provides no evidence (e.g., emails, affidavits, etc.) from which this Court could conclude that any free copies were provided to Hartford Life. In fact, Davis's argument seems to be based on Hartford Life's preparation of errata sheets for some of the depositions. *See* [R. 148, p. 4]. From this, Davis concludes that Hartford Life must have been given free copies of the depositions, "thereby obviating the need to purchase a second copy." *Id.* But Hartford Life has provided an affidavit clarifying that "the invoices submitted to the Court were for the copies of the depositions from which the errata sheets and confidentiality designations were completed." [R. 147, p. 4]. The Court therefore finds Davis's argument to be unsupported by the

record. Additionally, to the extent that Davis argues that he would have provided a free copy of the depositions upon request, the Court finds that Hartford Life was not obligated to make that request.

Further, while Davis argues that the fee per page was too high, he cites no compelling law in favor of this argument. Instead, he cites to a regulation governing the price per page that hospitals may charge when providing copies of medical records. [R. 146, p. 5; R. 148, p. 5]. Obviously, that regulation is irrelevant here. Instead, the Court looks to the price per page here, which ranges from $2.84 to $3.41 per Hartford Life's calculations, the accuracy of which Davis does not dispute. [R. 147, p. 6 n.4; R. 148, p. 5]. The Court finds that these per-page costs are reasonable considering past precedent in which the Court awarded similar costs and in light of Davis's failure to explain why such costs are unreasonable or excessive. *See generally Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-cv-0598-CRS, 2019 WL 2814643, *3 (W.D. Ky. July 2, 2019) (awarding costs at $3.75 per page).

Davis next argues that the transcripts could not possibly have been necessary because Hartford Life did not rely on those depositions in its summary judgment briefing. [R. 146, pp. 5–6]. Hartford Life, in response, notes that Davis—not Hartford Life—requested these depositions, which Hartford Life was then forced to defend. [R. 147, p. 5]. In addition to defending the depositions, Hartford Life also needed to determine which deposition transcripts needed to be corrected or marked for confidentiality and which would be useful when addressing summary judgment motions. *Id.* Further, because Davis attached only excerpts of two of the depositions to his own summary judgment briefing, Hartford Life needed to review the entirety of those transcripts to prepare a response. *Id.* The Court finds that the need to review and evaluate the deposition transcripts was necessary, even if they were not ultimately utilized by Hartford Life in

its summary judgment briefing. *See Sales*, 873 F.2d at 120 (noting that "the fact that a deposition is not actually used at trial is not controlling" when determining necessity (citations omitted)); *Hartford Financial Services Group, Inc. v. Cleveland Public Library*, No. 1:99 CV 1701, 2007 WL 963320, *4 (N.D. Ohio Mar. 28, 2007) ("Simply because a deposition was not used or read into the record at trial does not mean that a deposition was not necessary."). For this reason, and those stated above, the Court finds that the requested costs are not unreasonable, unnecessary, or excessive.

The Court next considers Davis's argument that he is unable to pay the requested costs. On this point, Davis contends that he "is ***not*** receiving his [long term disability] benefits or [Social Security Disability Income] benefits. As such, he has significantly minimal means with which to satisfy any amount of costs awarded against him." [R. 146, p. 6 (emphasis in original)]. Unfortunately, Davis has failed to provide any evidence regarding his finances from which the Court could conclude that he is unable to pay these costs. Hartford Life raised this same concern in its response to Davis's objections, and Davis still failed to provide any evidence (e.g., affidavit) regarding his finances. As such, the Court cannot conclude that Davis is unable to pay the requested costs.

In sum, the Court finds Davis's arguments to be unavailing. As the prevailing party, Hartford Life is eligible for costs under either Rule 54(d)(1) or § 1132(g)(1) (or both). Under Rule 54(d)(1), Davis has failed to overcome the presumption in favor of awarding those costs, for the reasons stated above. Even without this presumption, however, Davis's arguments fail to demonstrate that the requested costs are unreasonable, unnecessary, excessive, or inequitable under the circumstances. Stated another way, regardless of whether Rule 54(d)(1) or § 1132(g)(1) controls, the Court finds it appropriate to exercise its discretion and award

reasonable and necessary costs (specifically, $1,644.25 for deposition transcripts) to Hartford Life. The Court will therefore overrule Davis's objections to Hartford Life's Bill of Costs and will award costs to Hartford Life in the amount of $1,644.25.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Davis's objections to Hartford Life's Bill of Costs, [**R. 146**], are **OVERRULED**.

2. Defendant Hartford Life is **AWARDED** costs in the amount of **$1,644.25**.

This the 18th day of November, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY